Joey P. San Nicolas
SAN NICOLAS LAW OFFICE, LLC
P.O. Box 10001 PMB 602
Saipan, MP 96950
Telephone: (670) 234-7659
Facsimile: (670) 234-9218
jpsn@sannicolaslaw.net

Kevin T. Abikoff (*Pro Hac Vice*)
Laura N. Perkins (*Pro Hac Vice*)
Samuel W. Salyer (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
1775 I St. N.W.
Washington, D.C. 20006
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
kevin.abikoff@hugheshubbard.com
laura.perkins@hugheshubbard.com
samuel.salyer@hugheshubbard.com

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| SARDINI GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Defendant. | CASE NO. 1:20-cv-00007 <br><br> **DEFENDANT'S BRIEF REGARDING REMOTE TESTIMONY FROM CHINA AND MOTION TO STRIKE TESTIMONY** <br><br> Hearing: February 7, 2023 <br> Time: 9:00 AM ChST <br> Judge: Hon. Ramona V. Manglona |

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. PROCEDURAL BACKGROUND ..................................................................................2

III. ARGUMENT ....................................................................................................................2

    A.    <u>Chinese law bars foreign authorities, including this Court, from taking testimony from witnesses appearing virtually from China without first obtaining permission from Chinese authorities.</u> ...........................................................................................2

        i.    *The Court cannot bypass the Hague Convention to permit remote testimony from witnesses appearing from China.* ..............................................................................7

    B.    <u>The Court should strike the testimony that was previously taken from witnesses appearing virtually from China.</u> ......................................................................................9

        i.    *The previous testimony by Jun, Lu, and Zuo was unlawful, and a failure to strike that testimony could subject the parties and the Court to legal consequences in China.* .........................................................................................................................10

        ii.    *The procedural posture in this case favors striking the testimony already taken from witnesses located in China.* ...........................................................................11

        iii.    *Because Article 284 makes remote testimony from China unlawful, the Court should strike the prior testimony to avoid causing prejudice to IPI.* ......................12

IV. CONCLUSION ...............................................................................................................13

104055715_2

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Animal Sci. Prods. v. Hebei Welcome Pharm. Co.*, 138 S.Ct. 1865 (2018) ..................................2

*Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13-CV-01043 SPM, 2014 WL 2986685 (E.D. Mo. July 1, 2014) ................................................................................12

*Flexsteel Pipeline Techs., Inc. v. Chen*, No. 5:16-CV-239-TKW-GRJ, 2019 WL 13164175 (N.D. Fla. Nov. 26, 2019) ..........................................................................5, 13

*Glam & Glitz Nail Design, Inc. v. iGel Beauty, LLC*, No. SACV2000088JVSDFMX, 2022 WL 17078947 (C.D. Cal. Sept. 30, 2022) ............................................................... *passim*

*Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487 (N.D. Ill. 2021) .............................5, 12

*Junjiang Ji v. Jling Inc.*, No. 15-CV-4194, 2019 WL 1441130 (E.D.N.Y. Mar. 31, 2019) 4, 10, 11

*Modern Investment, Inc. v. Sunleader (Saipan) Co. LTD, et al.*, No. 19-0266 (N. Mar. I. Commw. Super. Ct. Apr. 8, 2021) ............................................................................3, 4, 9, 11

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), and (3) ...............7

*Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2021 WL 6072565 (E.D. Tex. Dec. 23, 2021) ....................................................................................................3, 11

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522 (1987) ................................................................................................................................7

*Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617308 (S.D. Ga. Dec. 20, 2021) .............................................................................................................7

*United States v. Tao*, No. 19-20052-JAR, 2021 WL 5205446 (D. Kan. Nov. 9, 2021) ..............5, 9

*Wang v. Hull*, No. C18-1220RSL, 2020 WL 3315990 (W.D. Wash. June 18, 2020), *reconsideration denied*, No. C18-1220RSL, 2020 WL 8839776 (W.D. Wash. July 6, 2020) ..................................................................................................................................7, 8, 9

*Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930 (W.D. Wash. June 22, 2020) .................8, 9

*Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17CV04661 (MKV) (DF), 2021 WL 7186735 (S.D.N.Y. Oct. 29, 2021) .........................................................................................6

*Yan v. Zhou*, No. 18-CV-4673(GRB)(JMW), 2021 WL 4059478 (E.D.N.Y. Sept. 7, 2021)......5, 7

**Statutes and Rules**

Article 277 of The Civil Procedure Law..................................................................................1

Article 284 of The Civil Procedure Law.......................................................................... *passim*

Article 13 of the Criminal Law ...............................................................................................11

Article 81 of the Exit and Entry Administration Law..............................................................10, 11

Fed. R. Civ. P. 44.1...................................................................................................................2

# I. INTRODUCTION

At a December 15, 2022 status conference, the Court *sua sponte* raised the issue of whether the virtual testimony of witnesses located in the People's Republic of China ("China") constitutes a violation of Chinese law and, if so, the appropriate remedy. ECF No. 89. Specifically, the Court directed Defendant Imperial Pacific International (CNMI), LLC ("IPI") and Plaintiff Sardini Group Inc. ("Sardini") to address (1) whether the taking of testimony in this case from witnesses appearing remotely from China violated Chinese law and, if so, (2) what is the appropriate remedy given the procedural posture of this case.

The language of Article 284 of The Civil Procedure Law of the People's Republic of China ("Article 284"),[1] findings by other federal and CNMI courts, as well as other relevant sources, establish that offering and eliciting virtual court testimony of witnesses located in China is a violation of Chinese law that could subject all participants—including the witnesses, counsel, court personnel and the Court—to penalties under Chinese law. The Court should thus decline to allow testimony to be proffered by remote witnesses located in China. To cure any prior violations in this case, the Court should strike the testimony taken remotely from China from the record, such that the testimony given would not be deemed "evidence" (which, per the language of Article 284, is key to violative conduct). Due to the procedural posture of this case, Plaintiff would still have an opportunity to remedy any prejudice suffered by being afforded an opportunity to present its witness testimony live in Saipan or remotely from another location outside of China. Finally,

---

[1] Article 284 is the successor (and identical to) to Article 277 of The Civil Procedure Law of the People's Republic of China. *See Glam & Glitz Nail Design, Inc. v. iGel Beauty, LLC*, No. SACV2000088JVSDFMX, 2022 WL 17078947, at *1 (C.D. Cal. Sept. 30, 2022).

should the Court fail to strike the prior testimony, IPI would be prejudiced as it would be required to continue violating Chinese law, or to forfeit its opportunity (specifically allowed by this Court due to the Plaintiff's mid-trial discovery productions) to recall Plaintiff's witnesses for cross-examination.

## II.   PROCEDURAL BACKGROUND

The bench trial in this matter began on August 2, 2022, and continued through August 5, 2022, at which date the Court continued the bench trial to August 24, 2022.  *See* ECF Nos. 75, 77, 78, 79.  During those four days of bench trial, several of Sardini's witnesses, namely Shi Jun (5th witness, August 3-4, 2022), Yunlong Lu (6th witness August 4, 2022), and Qing Zuo (7th witness, August 4-5, 2022) testified remotely from locations in China.  The Court subsequently continued the resumption of the bench trial multiple times; it is now scheduled to resume on February 7, 2023.  ECF No. 89.

## III.   ARGUMENT

A.   <u>Chinese law bars foreign authorities, including this Court, from taking testimony from witnesses appearing virtually from China without first obtaining permission from Chinese authorities.</u>

The primary question here is whether Article 284 prohibits remote testimony of individuals located in mainland China.  "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Fed. R. Civ. P. 44.1; *see also Animal Sci. Prods. v. Hebei Welcome Pharm. Co.*, 138 S.Ct. 1865, 1869-70 (2018) ("[T]he court may engage in its own

2

research and consider any relevant material thus found.") (citation and internal quotation marks omitted).

In determining whether to accept remote testimony from witnesses located in China, U.S. District Courts look to Article 284 as well as sources interpreting that law, including guidance from the U.S. State Department.  Article 284 has been translated to read:

> The request for and provision of judicial assistance shall be conducted through the channels stipulated in the international treaties concluded or acceded to by the People's Republic of China. Where no treaty relations exist, the request for and provision of judicial assistance shall be conducted through diplomatic channels.
>
> The embassy or a consulate in the People's Republic of China of a foreign state may serve documents on, investigate, and take evidence from its citizens, provided that the law of the People's Republic of China is not violated and that no compulsory measures are adopted.
>
> Except for the circumstances set forth in the preceding paragraph, *no foreign agency or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents, carry out an investigation or collect evidence within the territory of the People's Republic of China*.

*See Modern Investment, Inc. v. Sunleader (Saipan) Co. LTD, et al.*, No. 19-0266, at 3 (N. Mar. I. Commw. Super. Ct. Apr. 8, 2021) (emphasis added) (attached hereto as Exhibit A pursuant to L.R. 5.2(b)).

The plain language of Article 284 is clear: foreign agencies or individuals may not collect evidence within China without the consent of Chinese authorities.  Based on the plain language of Article 284 as well as sources interpreting that law, U.S. District Courts have consistently concluded that U.S. courts may not take testimony from witnesses located in Mainland China without permission from the appropriate Chinese authorities.  *See Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021) ("[b]oth

parties do not dispute, and the Court agrees, that oral testimony is not permitted to be taken from witnesses located in Mainland China for use in foreign courts without permission from Chinese authorities"); *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194, 2019 WL 1441130, at *11 (E.D.N.Y. Mar. 31, 2019) (striking plaintiff's trial testimony given from China in its entirety and precluding plaintiff from further testifying remotely in the case); *Modern Investment, Inc.*, No. 19-0266, at 16 ("The parties have not provided, and the Court has not found any[] caselaw in which a witness was permitted to testify from China").

Even in cases in which parties have attempted (almost entirely unsuccessfully) to argue that witnesses may be voluntarily deposed from within China, they have acknowledged that a *foreign court* could not legally (under Chinese law) take testimony from a witness located in China.  For example, in *Glam & Glitz Nail Design, Inc.*, the plaintiff, seeking to take the voluntary deposition of a witness located in China, argued that while "Article 284 prohibits foreign courts from collecting evidence within China without prior authorization but [it] does not contemplate a foreign litigant self-collecting testimony from a willing Chinese witness." No. SACV2000088JVSDFMX, 2022 WL 17078947, at *1 (C.D. Cal. Sept. 30, 2022) (emphasis in original).  In that case, however, the court considered the plain language of Article 284, other U.S. case law, and U.S. State Department guidance on Taking Voluntary Depositions of Willing Witnesses,[2] before ultimately concluding that even a voluntary deposition should not be taken from a witness within mainland China.  *Id.* at *2-4.

---

[2] The State Department has concluded that "China does not permit attorneys to take depositions in China for use in foreign courts."   The Department explained that "[u]nder its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished

4

Similarly, virtually all other courts that have considered the issue of whether a deposition may be taken from a witness in China have concluded that "it is undisputed that the 'law of China prohibits' depositions—voluntary or compelled—for use in foreign courts" when taken from within the borders of China without permission from Chinese authorities.[3] *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 500 (N.D. Ill. 2021) (citing *Yan v. Zhou*, No. 18-CV-4673(GRB)(JMW), 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021)); *see also United States v. Tao*, No. 19-20052-JAR, 2021 WL 5205446, at *9 (D. Kan. Nov. 9, 2021) (concluding that "remote depositions would put participants at risk of violating Chinese law" and requiring that the Chinese government authorize the depositions first); *Flexsteel Pipeline Techs., Inc. v. Chen*, No. 5:16-CV-239-TKW-GRJ, 2019 WL 13164175, at *2 (N.D. Fla. Nov. 26, 2019) (acknowledging the "legal constraints [in China] on the taking of sworn testimony for foreign proceedings"). These holdings—remarkably consistent across numerous U.S. federal courts—cut decisively in favor of IPI's position; if taking a voluntary deposition violates Article 284's dictate that "no foreign agency or individual" may "collect evidence" without authorization from Chinese authorities, a party's trial testimony would unquestionably violate that law.

---

through requests to its Central Authority under the Hague Evidence Convention." *See Taking Voluntary Depositions of Willing Witnesses*, U.S. DEP'T OF STATE BUREAU OF CONSULAR AFFS. CHINA JUD. ASSISTANCE INFO. (May 1, 2019), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited Jan. 2, 2023).

[3] In this matter, IPI has twice taken the deposition of Sardini's designated representative, Qing (Steve) Zuo, while he was located in mainland China. If the Court concludes that these depositions may not be used for the purpose of cross-examination at trial, IPI would agree to retake Mr. Zuo's deposition prior to the resumption of trial.

5

104055715_2

As noted above, the potential distinction between discovery and trial evidence was recognized by the plaintiff in *Glam & Glitz Nail Design, Inc.*, in which the plaintiff, as well as one of its Chinese legal experts, conceded that a U.S. court could not take evidence from a witness in China, while arguing (unsuccessfully) that a voluntary deposition could be allowed. 2022 WL 17078947, at *1. Further, the only case identified in which a U.S. court allowed a deposition to potentially take place in mainland China also recognized that distinction. In *Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17CV04661 (MKV) (DF), 2021 WL 7186735, at *1-3, 11 (S.D.N.Y. Oct. 29, 2021), *report and recommendation adopted in part*, No. 17-CV-4661-MKV-DCF, 2022 WL 597280 (S.D.N.Y. Feb. 28, 2022), the defendant moved for terminating sanctions based on the plaintiff's continued failure to make himself available for a deposition in violation of the court's discovery orders—the parties had initially agreed that the plaintiff (located in China) would need to travel outside of China to conduct the deposition, but the plaintiff had made little effort to do so. The court imposed sanctions against the plaintiff and ordered that he make himself available for a deposition within 45 days, either from within China or another location. *Id.* at *11-12. However, the court noted that this order was solely with respect to a *discovery* deposition and declined to allow, at that time, the plaintiff to conduct a *de bene esse* deposition for use as a substitute for trial testimony.[4] *Id.* at *12. Thus, the sole instance in which a court allowed (potentially) a deposition to be taken from mainland China involved a plaintiff attempting to use Chinese law as a shield to avoid providing testimony, making this holding clearly distinguishable and inapposite from the

---

[4] Indeed, the reason that the plaintiff proposed to conduct such a deposition was based on a concern that the plaintiff would be unable to travel from China for the trial and the plaintiff's recognition that his remote trial testimony from China would not be possible since it would violate Chinese law. *See id.* at *2-4.

circumstance presented here.  And even in *Wu*, the court specifically limited its order to allow the taking of a discovery deposition, rather than testimony for use at trial.  This narrow holding reenforces the consistent findings of U.S. courts that remote testimony from China may not be taken or presented at trial as it violates Chinese law.

> i. *The Court cannot bypass the Hague Convention to permit remote testimony from witnesses appearing from China.*

At the December 15, 2022 hearing, Plaintiff referenced three cases that purportedly support its argument that video testimony can be taken from China, in accordance with the Federal Rules of Civil Procedure, despite the requirements of the Hague Convention:[5] (1) *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522 (1987), (2) *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), and (3) *Wang v. Hull*, No. C18-1220RSL, 2020 WL 3315990, at *1 (W.D. Wash. June 18, 2020), *reconsideration denied*, No. C18-1220RSL, 2020 WL 8839776 (W.D. Wash. July 6, 2020).

As an initial matter, each of those cases—the latter two relying on the first—are inapt here because, in each, the court's analysis was limited to questions regarding whether pretrial written discovery matters must be provided pursuant to the requirements of the Hague Convention.  *Societe Internationale,* 482 U.S. at 524 (involving "answers to interrogatories, the production of documents, and admissions"); *Richmark Corp.*, 959 F.2d at 1473 (involving failure to respond to

---

[5] *But see Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 121-008, 2021 WL 6617308, at *2 (S.D. Ga. Dec. 20, 2021) ("Notwithstanding [p]laintiff's theories about Chinese law, depositions in China . . . 'as a general matter, [may] only be accomplished through requests to its Central Authority under the Hague Evidence Convention.'") (quoting *Yan v. Zhou*, No. 18-CV-4673, 2021 WL 4059478, at *3 (E.D.N.Y. Sept. 7, 2021)).

7

"discovery requests and interrogatories"); *Wang v. Hull*, 2020 WL 3315990, at *3 (involving a motion to strike discovery responses, declarations, and exhibits provided by witnesses in China). Here, the issue is not whether the plaintiff may provide written responses or documents from China in response to discovery requests—the issue addressed by this line of cases. Instead, the relevant question is whether witnesses may provide trial testimony while located in China.[6]

On that question, the rulings by the court in *Wang v. Hull* are extraordinarily apt. There, four days after the court issued its opinion involving written discovery (on which Plaintiff relies), the court issued a separate order addressing the deposition testimony of a witness located in China, which contradicts Plaintiff's position on this issue. *See Wang v. Hull*, No. C18-1220RSL, 2020 WL 4734930, at *2 (W.D. Wash. June 22, 2020). In this opinion, the court noted that the parties initially agreed to conduct the plaintiff's deposition at the plaintiff's home in China. *Id.* at *1. However, after learning of Article 284's restrictions, the defendant "notified plaintiff that the video deposition could not occur as previously contemplated and requested assistance in formulating another plan." *Id.* When the plaintiff refused, the defendant filed a "motion to compel plaintiff to

---

[6] At the December 15, 2022 hearing, Plaintiff suggested that, based on this line of cases, the Court could accept remote testimony from China based on a "comity analysis." First, as noted, the analysis presented in *Societe Internationale* and its progeny applies only to questions of whether a party seeking discovery must follow the dictates of the Hague Convention, which is not applicable to the question of whether trial testimony may be offered from China. Second, even applying the analysis set forth in *Societe Internationale*, comity considerations would weigh against allowing the remote witness testimony since the parties at risk of violating foreign law are not simply a foreign litigant subject to a discovery order, but indeed all parties and counsel involved in this case, including the District Court itself. Comity considerations would weigh heavily against allowing a violation of Chinese law by a U.S. District Court—as federal courts have recognized. *See Societe Nationale*, 482 U.S. at 546 ("American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state.")

8

appear for deposition at a place where the parties can take his testimony without fear of reprisal by the People's Republic of China - such as Seattle, Hong Kong, Macau, Seoul, or Taipei - and using video conferencing software used commercially by court reporters[.]" *Id.* at *2. The court granted that motion. *Id.* That is, the court acknowledged the constraints of Article 284 and permitted the deposition to proceed by video *only if* conducted outside of mainland China. Indeed, the court refused to bind the defendant to his prior agreement to take the plaintiff's deposition in China because doing so "unknowingly put [defendant], his counsel, the court reporter, and other participating foreigners in legal jeopardy." *Id.* at *1.

The court in *Wang* went on to conclude that, while it is possible that Chinese authorities might construe Article 284 in a permissive way (or decline to enforce the law against foreigners who do not set foot in China), federal courts "will not require [parties] to bet on that outcome." *See Wang*, 2020 WL 4734930, at *1; *see also Glam & Glitz Nail Design, Inc.*, 2022 WL 17078947, at *3 (stating same); *Modern Investment, Inc.*, No. 19-0266, at 4 (stating same); *Tao*, 2021 WL 5205446, at *7 ("The [c]ourt will not direct or encourage the parties to participate in a proceeding that puts them at risk of violating Chinese law."). This holding is even more appropriate here, where the parties at risk of potentially violating Chinese law include not only the litigants, witnesses, and counsel, but the Court itself, as well as its officers.

  B. <u>The Court should strike the testimony that was previously taken from witnesses appearing virtually from China.</u>

The Court should strike the testimony that was taken from witnesses appearing virtually from China because (1) the manner of testimony was unlawful under Chinese law and failing to strike would subject all participants involved in facilitating such testimony—including the Court—

9

to potential penalties associated with violating Chinese law, and (2) the procedural posture of this case allows Plaintiff to remedy any prejudice caused by striking this testimony by offering its witnesses' testimony in a non-violative manner. Similarly, the Court should prohibit any future testimony taken from witnesses appearing virtually from China.

     i. *The previous testimony by Jun, Lu, and Zuo was unlawful, and a failure to strike that testimony could subject the parties and the Court to legal consequences in China.*

As discussed above, Article 284 states that "no foreign agency or individual may, without the consent of the competent authorities of the People's Republic of China . . . collect evidence within the territory of the People's Republic of China." It is thus the taking of testimony as *evidence* that violates Article 284. By striking the testimony previously given by witnesses in China, the Court could ensure that this testimony would not be evidence, remedying the prior violation.

In *Junjiang Ji*, 2019 WL 1441130, at *10-11, the court learned in the midst of trial that the plaintiff had provided testimony from mainland China. In response, the court struck the plaintiff's testimony based on a finding that "the manner in which [plaintiff] testified was unlawful under Chinese law," and ordered that the plaintiff could not offer further remote testimony. *Id*. The Court also noted that, "[b]y participating in those proceedings, [] counsel and potentially all other parties involved" violated Chinese law and could be subject to specific penalties, including fines, deportation or criminal liability. *Id*. at *11 (citing Article 15 of the Regulations on the Administration of Foreign Law Firms' Representatives Offices in China,[7] Article 81 of the Exit and

---

[7] Article 15 of the Regulations on the Administration of Foreign Law Firms' Representatives Offices in China "prohibits foreign attorneys from rendering legal services involving . . . Chinese legal issues," while Article 30 "provides that the unauthorized practice of law in China

10

104055715_2

Entry Administration Law of the People's Republic of China,[8] and the Criminal Law of the People's Republic of China[9]).  As noted above, such consequences potentially extend to the Court itself and its officers, as the Court administered an oath to witnesses testifying from China and took those testimonies as part of a judicial proceeding.  *See Modern Investment, Inc.*, No. 19-0266, at 10 (observing that "th[e] [c]ourt would be violating the Chinese judicial sovereignty without following 'Chinese and international laws and conventions'"); *see also Taking Voluntary Depositions of Willing Witnesses*, *supra* n. 2 (participation in the taking of testimony "could result in the arrest, detention or deportation of the American attorneys and other participants" involved).

        *ii.*    *The procedural posture in this case favors striking the testimony already taken from witnesses located in China.*

When this trial resumes on February 7, 2023, Plaintiff will still be presenting its case-in-chief.  Given that Plaintiff has not yet rested its case, the Court can allow Plaintiff to recall its witnesses before it does so, to testify in a manner that does not violate Chinese law and subject the parties and Court to potential penalties, either by testifying (1) in-person in Saipan, or (2) remotely from a jurisdiction from which such testimony would be permissible.  Macau and Hong Kong, for example, are "subject to different rules than mainland China."  *Shenzen Synergy Digital Co.*, 2021

---

[can] subject the violating attorney to a fine of not less than RMB50,000 and not more than RMB300,000, i.e. approximately US$ 7,500 to US$ 45,000." *Id.* (internal citations and quotation marks omitted).

[8] Article 81 of the Exit and Entry Administration Law of the People's Republic of China "authorizes the Chinese government to deport 'foreigners' who violate Chinese law," even where such violation does not constitute a crime. *Id.*

[9] Pursuant to Article 13 of the Criminal Law of the People's Republic of China, "the Chinese government appears to have broad discretion to punish conduct that it deems a crime," including acts that impact the sovereignty of the state.  *Id.*

104055715_2

WL 6072565, at *3 (finding that testimony could not be taken from mainland China, but that "permitting trial testimony from Macau would not violate Chinese law"); *Junjiang Ji*, 2019 WL 1441130, at *3-6, (striking trial testimony given from mainland China but noting a distinction for testimony given from Hong Kong or Taiwan); *Glam & Glitz Nail Design, Inc.*, 2022 WL 17078947, at *4 (barring deposition until plaintiff could "provide assurance that the witness will sit for the deposition outside mainland China"); *Inventus Power*, 339 F.R.D. at 509 (denying motion to depose witness in China but granting leave to take deposition in Macau). The procedural posture of this case thus allows the Court to cure any violations of Article 284 by striking the otherwise unlawful testimony, such that it no longer constitutes impermissible "evidence" under Chinese law, and it allows Plaintiff to resubmit its testimony in a lawful manner, reducing any prejudice that might accrue based on the Court's striking the prior unlawful testimony of Plaintiff's witnesses.

        iii.     *Because Article 284 makes remote testimony from China unlawful, the Court should strike the prior testimony to avoid causing prejudice to IPI.*

Given that Article 284 prohibits the remote testimony in U.S. courts by individuals located in mainland China, the Court should also strike the prior testimony of Plaintiff's witnesses who appeared from China so as not to cause prejudice to IPI. As noted above, due to Plaintiff's numerous discovery violations, the Court has specifically allowed IPI to recall Plaintiff's witnesses that have already testified to question them about newly disclosed documents. *See* ECF Nos. 78, 79. Given that certain of those witnesses are located in mainland China, if the Court allowed their prior testimony to stand, while prohibiting further testimony from China, IPI would have no opportunity to cross-examine those witnesses on evidence that Plaintiff improperly disclosed only after trial was underway. *See Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13-

12

CV-01043 SPM, 2014 WL 2986685, at *5 (E.D. Mo. July 1, 2014) ("It would be unfair to permit [d]efendants to rely on [declarant's] statements in his declarations but then insulate those statements from any examination, particularly when [d]efendants have not offered any reasonable explanation for their conduct"); *Flexsteel*, 2019 WL 13164175, at *8 ("The only way to cure this prejudice is to exclude Mr. Li's declaration and any evidence relying on his prior statements or testimony."). Unless Plaintiff made these witnesses available to continue testifying from a lawful location, IPI, and this Court, would be forced to either continue to violate Chinese law, or to forfeit the opportunity to conduct a full cross-examination of these important witnesses. To avoid this clear prejudice, the Court should strike the prior remote testimony offered from China.

## IV. CONCLUSION

Given the plain language of Article 284, the State Department's guidance, and extensive U.S. case law, IPI respectfully submits that the appropriate resolution to the issue raised by the Court is to (1) strike the testimony taken from individuals located in China as unlawfully obtained evidence under Chinese law, and (2) prohibit any further virtual testimony from witnesses appearing remotely from China.

Dated: January 4, 2022                               Respectfully Submitted,

/s/ Samuel W. Salyer
Kevin T. Abikoff (*Pro Hac Vice*)
Laura N. Perkins (*Pro Hac Vice*)
Samuel W. Salyer (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP

Joey P. San Nicolas, Esq. (F0342)
SAN NICOLAS LAW OFFICE, LLC

*Attorneys for Defendant Imperial Pacific International (CNMI), LLC*

13

104055715_2

14

104055715_2